IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KKOFFEE MARIE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY INVESTMENTS and ELECTRONIC PAYMENT SYSTEMS,<br><br>Defendants. | **AMENDED MEMORANDUM DECISION AND ORDER DISMISSING CASE**[1]<br><br>Case No. 2:26-cv-00114<br><br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

Before the court is a Motion for Leave to Proceed in forma pauperis (IFP) filed by Plaintiff Kkoffee Marie Brown. (ECF No. 2.) Because the court finds that Ms. Brown's Complaint is frivolous and fails to state a claim, the court denies the motion and dismisses this action.

**BACKGROUND**

Ms. Brown filed her Complaint in this pro se action on February 9, 2026, asserting claims for discrimination under Title VII of the Civil Rights Act of 1964 against Defendants Fidelity Investments (Fidelity) and Electronic Payments Systems (EPS). (See Compl., ECF No. 1.) The court temporarily granted Ms. Brown's Motion for Leave to Proceed IFP but instructed her not to file motions or documents until the court had finished the screening of the Complaint under 28 U.S.C. § 1915(e). Ms. Brown then filed dozens of documents, including pictures of

[1] The Amended Order corrects one error, which was on the bottom of page 3 of the original order and is now on the top of page 4 of the amended order: the original order referred to "Ms. Peterson" while the amended order correctly refers to "Ms. Brown."

ambulances and fire trucks, which the court lodged on the docket. (ECF Nos. 8–25.)

The Honorable Cecilia M. Romero screened the Complaint on June 17, 2026, and found that the Complaint was deficient because, even assuming that Ms. Brown won a discrimination lawsuit in front of the Salt Lake City Labor Board and Commission in 1998, it was "unclear what continued discriminatory acts Defendants are presently committing." (Order to Amend, ECF No. 26 at 4.) Judge Romero provided Ms. Brown an opportunity to amend her Complaint to correct the deficiencies, noting that "[f]ailure to do so may result in dismissal of this action." (Id. at 5.)

Ms. Brown filed a document on July 10, 2026, which the court lodged because it was styled as a petition for writ of certiorari to the Supreme Court of the United States. (ECF No. 27.) But because Ms. Brown failed to file any other document properly styled as an Amended Complaint, the court has carefully considered the statements presented in Ms. Brown's purported petition. Even construing those statements liberally, the court finds that Ms. Brown fails to raise any non-frivolous claim for relief.

**LEGAL STANDARD**

28 U.S.C. § 1915 governs a plaintiff's request to proceed IFP. The court must dismiss an action filed by an IFP plaintiff if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2)(B). Although the court need not screen a plaintiff's complaint before granting an IFP motion, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practicable. See Buchheit v. Green, 705 F.3d 1157, 1160–61 (10th Cir. 2012) (noting that prompt screening of IFP cases is a "good practice"). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious

that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted).

When assessing a complaint for failure to state a claim upon which relief may be granted, the court takes all well-pleaded factual assertions as true and regards them in a light most favorable to the plaintiff. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). But the factual allegations in a complaint must raise a plausible right to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–56 (2007). A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). And while the court accepts well-pleaded factual allegations as true at this stage, the court considers "bare assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional … claim" as "conclusory and not entitled to" an assumption of truth. Id. at 681 (quoting Twombly, 550 U.S. at 554–55).

Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss a pro se complaint as frivolous when it "lacks an arguable basis either in law or in fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (citing Nietzke, 490 U.S. at 325–28).[2]

---

[2] Both Nietzke and Denton analyzed a previous version of the IFP statute. In 1996, the statute was recodified and the provisions formerly found at § 1915(d) were strengthened and redesignated as § 1915(e). See Posselli v. Network Sols., No. 2:10-cv-64-TS, 2010 WL 2429727, at *2 (D. Utah June 14, 2010) (citations omitted). "While case law construing 'frivolous' under § 1915(d) remains applicable to cases under its recodification as § 1915(e)(2), courts recognize that under the newer version, dismissal of pro se complaints found to fail to state a claim or to be frivolous is now mandatory." Id. (citations omitted).

Because Ms. Brown proceeds pro se, the court construes her pleadings "liberally" and holds her "to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

**ANALYSIS**

The claims raised by Ms. Brown are clearly baseless. She cites "[b]eing stalked and followed with multiple entities coming in my home" (ECF No. 27 at 9), sirens following her "every move inside and outside" her home (id.), purported tryouts for the LA Sparks basketball team that ended in assault (id. at 10), having her furniture torn up by "Polynesians [sic] family members" (id. at 11), writing two books that were stolen by a "mighty ape" (id.), a 2011 assault "by the LGBTQ community" (id.), and an assault committed by someone related to Orrin Hatch (id. at 12). These allegations "rise to the level of the irrational or the wholly incredible …." Denton, 504 U.S. at 33.

Moreover, the bulk of Ms. Brown's allegations involve individuals who are not named as Defendants. To the extent Ms. Brown's claims relate to Fidelity and EPS (the named Defendants), Ms. Brown claims that various employees of those organizations are "still coming around me everywhere I go." (ECF No. 27 at 8.) Even assuming that Ms. Brown is the victim of stalking, these are claims that she must raise in state court. In any event, any discernible claims against these employees also appear to be fanciful. For instance, Ms. Brown alleges that two employees did "something in my presence resulting in two market shut downs, 9/11/01 and the market crash of 2008." (Id. at 11.)

The only federal causes of action Ms. Brown brings are claims for discrimination in

violation of Title VII of the Civil Rights Act of 1964. But Ms. Brown states that she was fired after she "filed retaliations on EPS and FIDELITY INVESTMENTS in November 2000[.]" (Id. at 9.) Ms. Brown's original Complaint suggests that she worked for EPS in 1998 and for Fidelity from 1998 to November 2000. (ECF No. 1 at 2.) It therefore appears that Ms. Brown has not worked for either Defendant for over two decades. And indeed, Ms. Brown does not allege that she remains an employee of either organization. Accordingly, it is clear from the face of the original Complaint and from the additional allegations raised that any discrimination claims against the named Defendants were barred long ago by the statute of limitations. See 42 U.S.C. § 2000e-5(e) (requiring that a charge for an unlawful employment practice be filed either 180 or 300 days after the practice occurred).

Having already provided Ms. Brown with guidance about why her initial Complaint was deficient, and having then received allegations which were no more intelligible and not tied to any specific discriminatory employment actions in the past few years, the court finds that Ms. Brown would not be able to remedy the deficiencies in her allegations through more specific pleading and that further amendment would be futile. The court therefore dismisses the action with prejudice.[3]

---

[3] In a published opinion, the Tenth Circuit recently held that it was error for the district court to dismiss claims with prejudice against defendants who had not been served. Vasquez-Garcia v. Centurion, LLC, 172 F.4th 1150, 1163 (10th Cir. 2026) (noting that a district court "does not have personal jurisdiction over defendants who neither have been served nor have waived service"). But the plaintiff in that case filed a paid complaint and was not proceeding under the IFP statute. In unpublished opinions, the Tenth Circuit has elsewhere upheld district court decisions dismissing with prejudice IFP actions that were frivolous, see, e.g., Strege v. Comm'r, SSA, 848 F. App'x 368, 369–70 (10th Cir. 2021), and IFP actions that failed to state a claim, see, e.g., Woodham v. Hireright, LLC, No. 25-4119, 2026 WL 412582, at *4 (10th Cir. Feb. 13, 2026) (remanding with instructions to dismiss without prejudice claims that were barred by the Rooker-Feldman doctrine, but finding "no basis for reversing" the court's dismissal of claims that "did not contain sufficient factual allegations to survive Rule 12(b)(6) scrutiny"). In addition, the Supreme Court in Denton suggested that district courts might dismiss IFP

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. The Plaintiff's Motion to Proceed IFP (ECF No. 2) is DENIED.

2. This action is DISMISSED WITH PREJUDICE for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B).

DATED this 1st day of September, 2026.

BY THE COURT:

Tena Campbell
United States District Judge

---

complaints with prejudice where it did not appear that "frivolous factual allegations could be remedied through more specific pleading …." 504 U.S. at 34. Accordingly, the court assumes that IFP complaints remain subject to dismissal with prejudice where more specific pleading cannot cure the deficiencies in the complaint, even where a defendant has not been served.